PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MANUEL BAEZ CRUZ, | ) | |
| | ) | CASE NO. 1:25-CV-01169 |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

## I. INTRODUCTION

In 2025, Plaintiff Jose Manuel Baez Cruz filed a Complaint against the Commissioner of the United States Social Security Administration ("SSA") challenging his denied application for disability benefits. ECF No. 1. The case was assigned to the magistrate judge to prepare a report and recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. After briefing, she issued an R&R recommending the Court affirm the Commissioner's decision. ECF No. 14. Plaintiff objects to that recommendation. ECF No. 15. On review, the objection is overruled, the R&R is adopted in full, and the Commissioner's decision is affirmed.

## II. BACKGROUND

### A. Framework

Eligibility for SSA disability benefits requires a disability. *See* 42 U.S.C. §§ 423(a), 1382(a). A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). When reviewing an application for disability benefits, an administrative law judge ("ALJ") determines whether the claimant is disabled by following a five-step process under 20 C.F.R. § 404.1520(a)(4). *See* *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008).

*First:* is the claimant engaged in substantial gainful activity? If so, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i). *Second*: does the claimant have a medically determinable impairment, or a combination of impairments, that is severe? If not, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii). *Third*: does the claimant's impairment meet or equal one of the listed impairments and meet the duration requirements? If so, the claimant is disabled. If not, the ALJ proceeds to the next step. *See* 20 C.F.R. § 404.1520(a)(4)(iii). *Fourth*: what is the claimant's residual functional capacity,[1] and can the claimant perform past relevant work? If so, the claimant is not disabled. If not, the ALJ proceeds to the next step. *See* 20 C.F.R. § 404.1520(a)(4)(iv). *Fifth:* can the claimant do any other work considering the claimant's residual functional capacity, age, education, and work experience? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The claimant has the burden of proof at steps one through four. *See* *Jordan*, 548 F.3d at 423. The burden shifts to the Commissioner at step five "to prove the availability of jobs in the national economy that the claimant is capable of performing." *Id.* Still, the claimant retains the burden to prove any lack of RFC. *Id.* If he (a) satisfies each element and (b) meets the

[1] Residual functional capacity ("RFC") is "the most [a claimant] can still do despite his limitations." 20 C.F.R. § 416.945(a).

requisite duration requirements, he is deemed disabled. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

### B. History[2]

Plaintiff applied for SSA disability benefits on November 16, 2021. ECF No. 6 at PageID #: 126. He alleged an onset date of August 5, 2020 for straightening of lumbar lordosis, broad-based disc herniation, carpal tunnel, sciatic nerve, low back pain radiating to both legs, and cervical spine damage. ECF No. 6 at PageID ##: 121, 128. The Commissioner denied his application both initially and on reconsideration. ECF No. 6 at PageID ##: 126–27. Plaintiff subsequently requested a hearing before an SSA ALJ. ECF No. 6 at PageID ##: 149–50.

The ALJ held hearings on August 14, 2023 and March 20, 2024. ECF No. 6 at PageID ##: 86–120. In May 2024, the ALJ issued a ruling that Plaintiff was not disabled and denied his benefits application. ECF No. 6 at PageID ##: 41–75. The ALJ determined that Plaintiff denied suffering headaches on August 5, 2020, August 10, 2020, July 26, 2022, and August 2, 2022, and that he first reported headaches on September 13, 2022 and December 16, 2022. ECF No. 6 at PageID #: 66. Head imaging from December 2022 revealed a small area of encephalomalacia[3] in Plaintiff's right frontal lobe but was otherwise unremarkable. ECF No. 6 at PageID #: 62. Plaintiff reported headaches again on February 14, 2023. ECF No. 6 at PageID #: 66. On May 22, 2023, he reported experiencing fifteen headache days per month

---

[2] Because Plaintiff objects only to the ALJ's determination regarding his headaches, the Court omits record discussion of his other alleged disabilities and disability determinations.

[3] The softening or loss of brain tissue caused by disease, trauma, or lack of blood flow. *See Encephalopathy*, Cleveland Clinic, https://my.clevelandclinic.org/health/diseases/encephalopathy (last visited Aug. 26, 2026)

paired with repeating cluster migraines. ECF No. 6 at PageID #: 66. The ALJ noted that the condition was treated with medication. ECF No. 6 at PageID #: 63. Plaintiff reported headaches again on June 7, 2023, but—as noted—denied them on June 22, 2023 and again on August 22, 2023. ECF No. 6 at PageID #: 66.

Similar inconsistencies arose in September 2023.[4] Plaintiff denied experiencing headaches on September 17, 2023, but a note from a medical provider dated September 19, 2023 documented an increase in headaches after a cardiology appointment in June 2023. ECF No. 6 at PageID #: 66. Plaintiff reported headaches again on September 27, 2023. ECF No. 6 at PageID #: 66. A computed tomography scan in September 2023 revealed no acute intracranial abnormalities. ECF No. 6 at PageID #: 62. Plaintiff reported headaches again on December 28, 2023. ECF No. 6 at PageID #: 66. On January 24, 2024, he reported migraines occurring three times per day (the highest frequency in the record). ECF No. 6 at PageID #: 66. Finally, he reported headaches once more on February 27, 2024, but denied them on March 6, 2024. ECF No. 6 at PageID #: 66.

On this record, the ALJ found Plaintiff's migraines a severe medically determinable impairment at step two. ECF No. 6 at PageID #: 50. At step three—evaluating the headaches by analogy to Listing 11.02 under Social Security Ruling ("SSR") 19-4p[5]—the ALJ concluded the record did not establish dyscognitive-seizure-equivalent symptoms at the frequency

---

[4] The ALJ noted that "as to the claimant's headache frequency, the reports vary widely in the record. At times he reported headaches of up to 3 a day and other times he denied them altogether. He reported headaches at times. He also denied headaches consistently as well. The frequency suggested by the entire record is not consistent with absenteeism or time off-task, or significant disruptions in sustaining work activity consistent with the above residual functional capacity finding." ECF No. 6 at PageID #: 66 (citation modified).

[5] Titles II and XVI: Evaluating Cases Involving Primary Headache Disorders.

required and noted the absence of headache-related medical admissions. ECF No. 6 at PageID ##: 58–59. The ALJ also concluded that Plaintiff suffered no marked limitation in physical functioning and merely mild deficits in mental functioning. ECF No. 6 at PageID #: 59.

Observing that Plaintiff's reported headache frequency varied widely, the ALJ determined the record was inconsistent with workplace absenteeism, time-off-task, or significant disruption of sustained work activity. ECF No. 6 at PageID #: 66. The ALJ nevertheless attributed Plaintiff's reported pain and fatigue (in part) to the headaches and limited him to light exertion with hazard and environmental exposure restrictions. ECF No. 6 at PageID #: 68. Finally, the ALJ clarified that Plaintiff's RFC reflected her consideration of the headaches both alone and in combination with his other impairments under SSR 19-4p. ECF No. 6 at PageID #: 69. Plaintiff's request for review to the SSA Appeals Council was denied, rendering the Commissioner's decision final as of February 11, 2025. ECF No. 6 at PageID ##: 28–32.

### C. Proceedings

Plaintiff sued the Commissioner in the Northern District of Ohio in June 2025 on four grounds. *First*: that the ALJ erred when she failed to properly apply the criteria of SSR 96-8p[6] and consider all of Plaintiff's impairments and limitations when assessing his RFC. ECF No. 9 at PageID #: 3260. *Second*: that the ALJ erred at step three when she failed to properly evaluate Plaintiff's headaches and find that Plaintiff fell under Listing 11.02B. ECF No. 9 at PageID #: 3260. *Third*: that the ALJ erred when she failed to support her conclusions regarding the opinion of treating sources. ECF No. 9 at PageID #: 3260. And *fourth*: that the

[6] Policy Interpretation Ruling—Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims.

ALJ's finding that Plaintiff did not require the use of a cane or walker was not supported by substantial evidence contrary to SSR 96-9p.[7] ECF No. 9 at PageID #: 3260.

The case was referred to a magistrate judge. ECF Nos. 3, 4. On June 18, 2026, the magistrate judge entered an R&R recommending the Court affirm the Commissioner's decision. ECF No. 14. Relevant here, the magistrate judge found Plaintiff's second assignment of error meritless. ECF No. 14 at PageID #: 3330. The magistrate judge found the record devoid of any medical opinion or finding from a state agency consultant or medical expert supporting medical equivalence, and that SSR 17-2p therefore precluded the ALJ from making such a finding. ECF No. 14 at PageID #: 3328. The magistrate judge rejected Plaintiff's argument that a supportive medical opinion is unnecessary, reasoning that SSR 19-4p merely describes the mechanism for reaching a medical-equivalence finding for primary headache disorders, rather than exempting such findings from SSR 17-2p. ECF No. 14 at PageID ##: 3328–29. The magistrate judge found that because the ALJ concluded the evidence did not support medical equivalence, SSR 17-2p[8] relieved her of any obligation to articulate specific supporting evidence. ECF No. 14 at PageID #: 3329. The magistrate judge found that Plaintiff did not carry his burden to point to specific evidence establishing every requirement of the listing (*i.e.*, that while he cited headache complaints and his own testimony, he identified no detailed description from an acceptable medical source and no records establishing that the

---

[7] Policy Interpretation Ruling—Titles II and XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.

[8] Policy Interpretation Ruling—Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence.

frequency criteria were met despite adherence to prescribed treatment) as required by SSR 19-4p. ECF No. 14 at PageID #: 3329.

The magistrate judge also determined the ALJ made sufficient factual findings to support her conclusion at step three, citing her step four discussion recognizing that headache reports varied widely and finding those inconsistent reports supported the determination that the frequency requirements of SSR 19-4p were not satisfied. ECF No. 14 at PageID #: 3330. Finally, the magistrate judge treated as waived Plaintiff's "passing assertion" that the ALJ failed to consider the effect of his migraines on the ability to sustain full-time work, citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (deeming an argument waived due to its inadequate development). ECF No. 14 at PageID #: 3325. Plaintiff timely objected on a single ground: that "the R&R's finding that the ALJ properly evaluated Plaintiff's headaches was factually and legally incorrect." ECF No. 15 at PageID #: 3341. The Commissioner timely responded to Plaintiff's objection. ECF No. 16.

## III. LAW

### A. Referral

District courts can refer social security disputes to a magistrate judge for review, factual findings, and legal propositions, which they render *via* R&R. *See* 28 U.S.C. § 636(b)(1)(B); Local Rule 72.2. District courts can accept an R&R, reject it, modify it, or return it to the magistrate judge for further consideration. *See* 28 U.S.C. § 636(b)(1)(C). Once an R&R is filed, the parties have two weeks to register any objections. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those portions of the R&R specifically objected to. *See* 28 U.S.C. § 636(b)(1)(C). Objections must be clear and concrete, directing the district court's attention to a particular disagreement with the magistrate judge's

findings. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mere vagaries that attempt to "support [a] general objection with an exact recitation of arguments that were previously raised" are insufficient to trigger *de novo* review. *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020). Without specific objections, the court can adopt an R&R without exhaustive review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991).

## B. Review

When addressing the merits of a well-taken objection, a district court asks two questions. *First*, whether the ALJ's decision was "supported by substantial evidence[.]" *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). *Second*, whether the ALJ's decision was "made pursuant to proper legal standards." *Id.* The substantial evidence standard is "not high," but requires the court to review the administrative record and decide whether it supports the ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). That standard "presupposes that there is a zone of choice within which the [ALJ] may proceed without interference from the courts. If the administrative decision is supported by substantial evidence, a reviewing court must affirm." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (cleaned up). But even when a decision is substantially supported by evidence, a district court cannot affirm "if the ALJ fail[ed] to follow agency rules and regulations." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Incorrect application of the law warrants remand and reconsideration. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. DISCUSSION

### A. SPECIFICITY

In his merits briefing on his second assignment of error, Plaintiff argued that "[t]he ALJ erred at Step Three of the Sequential Evaluation when she failed to properly evaluate Plaintiff's headaches and find that Plaintiff equaled Listing 11.02B." ECF No. 9 at PageID #: 3260. But a plaintiff "fails to make a specific objection when he merely reiterates the same arguments that he presented to the magistrate judge." *Cannon v. Potter*, No. 1:16-CV-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019); *see Roach v. Hoffner*, No. 1:13-CV-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Plaintiff's objections essentially reiterate the same arguments he presented in his petition and fail to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Plaintiff's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation") (citation modified). In his reply brief, Plaintiff argued that "the ALJ's determination that Plaintiff did not equal Listing 11.02 . . . is in error and contrary to the evidence in this matter." ECF No. 13 at PageID #: 3302. And in his objection, he argues that "the R&R's finding that the ALJ properly evaluated Plaintiff's headaches was factually and legally incorrect." ECF No. 15 at PageID #: 3341. Because Plaintiff's objection is indistinguishable from arguments he has raised previously, it is insufficient to trigger *de novo* review.

### B. MERITS

Even if Plaintiff's objection were specific (it is not), it fails on its own. The ALJ identified Plaintiff's headaches as a severe impairment at step two, but found they did not meet or equal one of the listed impairments at step three, explaining that:

> The record does not support a frequency of migraine/headache activity and extent of symptoms, by analogy, that equates to that of

> the frequency and severity of seizure activity required for any of the subparts of this Listing. Moreover, the claimant does not have a marked limitation in physical functioning, as demonstrated by the above-referenced physical examination findings. Also, the record does not support that the claimant has experienced any significant or marked degree of limitation in these areas of functioning discussed in subsections 11.00G3b(i) to (iv). The claimant has no admissions related to headaches. The record also does not suggest more than mild deficits in any of the areas discuss[ed] in subsections 11.00G3b(i) to (iv). Accordingly, the evidence of record does not satisfy the necessary criteria of Listing 11.02B or D. Thus, by analogy the claimant's headache/migraine disorders do not satisfy the criteria of Listing 11.02.

ECF No. 6 at PageID ##: 58–59. Plaintiff argues that "the R&R incorrectly relie[d] on [SSR] 17-2p, which states that an ALJ may only find medical equivalence if the record contains a supportive medical opinion. This finding is in error and contrary to the evidence in this case." ECF No. 15 at PageID #: 3341. But SSR 19-4p merely describes the mechanism for finding equivalence for a primary headache disorder; it does not exempt such findings from SSR 17-2p, which governs all equivalence determinations and requires supporting prior administrative medical findings, medical expert evidence, or an SSA Appeals Council report. *See* SSR 17-2p, 82 Fed. Reg. 15263, 15265 (Mar. 27, 2017); 20 C.F.R. § 404.1526(b)(2).

Plaintiff also argues that he "satisfied the frequency criteria as enumerated in Listing 11.02B." ECF No. 15 at PageID #: 3343. But "this argument does little more than ask the Court to reweigh the evidence, which is not [its] prerogative." *Ebony M. S. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1043, 2024 WL 20738, at *2 (S.D. Ohio Jan. 2, 2024) (citation modified). Plaintiff also had the burden to "point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing" but he identified neither a detailed description from an acceptable medical source nor records establishing the requisite headache frequency. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). And

"for a claimant to show that his impairment matches a listing, [the impairment] must meet *all* of the specified medical criteria. [One] that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original) (citation modified). Plaintiff points to no evidence showing a "detailed description from an AMS[9] of a typical headache event" or establishing that his migraines met the frequency requirements "despite adherence to prescribed treatment." SSR 19-4p, 84 Fed. Reg. 44667, 44671 (Aug. 26, 2019).

Finally, Plaintiff argues that the ALJ addressed SSR 19-4p only through the absence of dyscognitive seizures and "failed to adequately compare the evidence with the criteria of the relevant Listing" ECF No. 15 at PageID ##: 3343–44. But when an ALJ finds the record does not reasonably support equivalence, SSR 17-2p does not require her to articulate specific supporting evidence. *See* 82 Fed. Reg. at 15265. Even if it did, the record shows she *did* compare the evidence to the listing criteria, ECF No. 6 at PageID #: 58–66, and "made sufficient factual findings elsewhere in [her] decision to support [her] conclusion[s] at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). That is sufficient.[10] *See id.* ("it is enough for the ALJ to support [her] findings by citing an exhibit where the *exhibit* contained substantial evidence to support [her] conclusion") (citing

---

[9] Acceptable Medical Source.

[10] Plaintiff's reliance on *Boyd v. Comm'r of Soc. Sec.*, No. 1:24-CV-01277, 2025 WL 1065387, at *9 (N.D. Ohio Apr. 9, 2025), report and recommendation adopted, No. 1:24-CV-01277, 2025 WL 1222668 (N.D. Ohio Apr. 28, 2025) is misplaced. There, the ALJ "did not articulate specific findings supporting his determination at Step Three that [the plaintiff] did not medically equal Listing 11.02B." *Id.* Here, the ALJ did.

*Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412, 417 (6th Cir. 2014) (Moore, J., dissenting)).

For these reasons, Plaintiff's objection to the report and recommendation lacks merit.

## V. CONCLUSION

Plaintiff's objection to the magistrate judge's report and recommendation (ECF No. 15) is overruled as non-specific. Alternatively, it is overruled as without merit. The magistrate judge's report and recommendation (ECF No. 14) is adopted in full and the Commissioner's decision is affirmed. A separate entry of judgment shall issue.

IT IS SO ORDERED.

August 27, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge